■ In the Matter of CLARA VANDERBILT. JONATHAN L. ROSNER, Individually and as Attorney for RICHARD G. ROSEN, et al., Respondents, v PAT HICKEY, as Clerk of the Bronx County Supreme Court, Appellant. — (Appeal No. 12932.) Order, Supreme Court, Bronx County (Gorfinkel, J.), entered on February 3, 1982, which granted petitioner's motion to quash two subpoenae duces tecum to produce certain cassette tape recordings, unanimously reversed, on the law and facts, without costs or disbursements, the motion to quash denied, and the aforesaid tapes are to be turned over to the Grand Jury in accordance herewith. (Appeal No. 12933.) Order, Supreme Court, Bronx County (Gorfinkel, J.), entered on February 3, 1982, which directed respondent to return certain cassette tape recordings to petitioners, unanimously reversed, on the law, the application for a writ of mandamus denied as moot in view of the decision on Appeal No. 12932, and the petition dismissed, without costs. These are appeals from two orders of the Supreme Court, Bronx County, the first of which granted petitioner's motion to quash two Grand Jury subpoenae duces tecum and the second of which directed that the cassettes be returned to the petitioners. The cassettes were found under circumstances and at times that support the inference that they were prepared by Dr. Rosen, and that they might be relevant to an investigation being conducted by the Grand Jury of Bronx County into an assault against one Ms. Clara Vanderbilt. The motion to quash was based on grounds of various asserted privileges, including marital privilege, and the Supreme Court, without reaching the question of privilege, granted the motion to quash, on its finding, after hearing the tapes, that they were not relevant. We disagree. As to purported Tape No. 1, which has been identified as the "Barbara" tape, this recording is clearly a privileged communication between spouses (CPLR 4502, subd [b]). The long-standing threshold criteria, to determine whether a communication between a husband and wife is privileged, are that the communication be confidential and made by one to the other during their marriage. (*People v Daghita,* 299 NY 194, 198.) A preliminary issue to be considered is whether a communication is confidential and restricted or whether it was intended for public disclosure. We are convinced that Tape No. 1 falls into the former category. In determining the nature of a communication, a court must not only consider the contents thereof, but must also consider the manner and context in which the communication was transmitted. In this case, an important additional consideration is the circumstance under which the tapes were discovered. The record shows that the "Barbara" tape was discovered by the author's wife in plain view on a desk in the marital residence. The tape itself was clearly marked as being addressed to Mrs. Rosen and no one else. These facts, coupled with the information contained on this tape, can lead to only one conclusion — that this recording was made in reliance on the marital relationship and would not have been made but for this relationship (see, for example, *People v Melski,* 10 NY2d 78). In addition, it is evident that Dr. Rosen would have been reluctant, if not totally unwilling, to discuss the contents of this tape outside of this marital relationship. This, however, does not conclude our analysis of Tape No. 1. Despite the conclusion that the marital privilege applies, we are also of the

opinion that this tape, nevertheless, is relevant and material for the purposes of the investigation being conducted by the Grand Jury so long as such is not inconsistent with the privilege. The concept of relevancy in Grand Jury proceedings implies, and embraces, a broader spectrum of evidence than that envisioned at the trial level. Indeed, the very issuance of a Grand Jury subpoena duces tecum is entitled to a presumption of validity. To overcome this presumption, a person challenging the subpoena must "demonstrate, by concrete evidence, that the materials sought have no relation to the matter under investigation. Bare assertions of the lack of relevancy will not suffice." (*Virag v Hynes,* 54 NY2d 437, 444.) What is required is an "affirmative showing of impropriety * * * that the subpoena was issued in bad faith or that it is for some other reason invalid." (*Matter of Manning v Valente,* 272 App Div 358, 361, affd 297 NY 681; *Matter of Additional Jan. 1979 Grand Jury of Albany Supreme Ct. v Doe,* 50 NY2d 14.) Here, the petitioner has failed to overcome this presumption. The court below, by classifying this evidence as not relevant, delved into the area of predicting a probable result of this investigation, which it should not have attempted. Instead, the inquiry should have centered on whether the material sought by the subpoena was related to a legitimate objective of the Grand Jury investigation. When petitioner failed to demonstrate that the evidence sought was unrelated, the subpoena should not have been quashed. Since we have sustained the objection on the limited grounds of marital privilege, we direct that Tape No. 1, the "Barbara" tape, shall be made available to the Grand Jury, not for the hearing of its contents, but for the singular, limited purpose of conducting a scientific inspection to determine whether this tape has been altered in any manner. The chain of custody followed by this tape from its author to its deposit with the court requires that all reasonable measures be undertaken to safeguard, and to certify, the integrity of this evidence. With reference to the second purported tape recording, the one found by colleagues of Dr. Rosen, we conclude that no privilege whatsoever can attach. After listening to this tape, and considering the manner in which it was found, we conclude that respondent has not sustained his burden of showing the tape's irrelevancy, and the Grand Jury is entitled to its production. In addition, the Grand Jury is authorized to have an appropriate, scientific analysis conducted, if desired. In providing for the technical inspection of both tape recordings, this court expresses no opinion as to whether any alteration or modification has occurred, and no such inference is to be drawn therefrom. Concur — Sandler, J. P., Sullivan, Ross, Lupiano and Asch, JJ.